UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

════════════════════════════════

BETTY WISEMAN,

                                   Plaintiff,          **REPORT AND
                                                       RECOMMENDATION**

          v.                                           14-CV-114A

7-ELEVEN, INC.,
PAULA WEIL, individually, and
CINDY WILCZEWSKI, individually,


                                   Defendants.

════════════════════════════════

## I)  INTRODUCTION

          The Hon. Richard J. Arcara referred this case to this Court under 28

U.S.C. § 636(b).  (Dkt. No. 9.)  Pending before the Court are two different

defense motions seeking dismissal of the complaint that plaintiff Betty Wiseman

("Wiseman") has filed.  Defendant 7-Eleven, Inc. ("7-11") has filed a motion (Dkt.

No. 7) to quash service and to dismiss under Rule 12(b)(5) of the Federal Rules

of Civil Procedure ("FRCP").  Individual defendants Paula Weil ("Weil") and Cindy

Wilczewski ("Wilczewski") filed their own motion to dismiss (Dkt. No. 8) for failure

to state a claim under Rule 12(b)(6).  7-11 argues that Wiseman did not serve it

properly because she served the summons and complaint on Wilczewski when

Wilczewski was not authorized to accept service for it.  Weil and Wilczewski

argue that Wiseman never named them at the administrative level, that the

relevant federal disability statutes do not provide for individual liability, and that

Wiseman has not alleged any tangible employment actions that would create

liability under state human-rights statutes.  Wiseman responds to 7-11's motion

by arguing that Wilczewski told the process server that she could accept service,

and that the process server reasonably relied on that representation.  Wiseman

responds to Weil and Wilczewski's motion by arguing that her claims against

them fall under state human-rights statutes that have no administrative

prerequisite, meaning that the Court can exercise supplemental jurisdiction over

those claims as long as it has jurisdiction over the federal claims that she made

against 7-11.  Wiseman argues further that her original complaint contains

sufficiently cognizable allegations of discrimination but that, in the alternative, the

Court should allow her to file and to serve the proposed amended complaint that

she attached to her motion papers.  The Court construes the alternative

argument for leave to amend as a cross-motion for leave to amend under Rule

15(a)(2) of the FRCP.

The Court held oral argument on June 17, 2014.  For the reasons below,

the Court respectfully recommends granting Wiseman's cross-motion for leave to

amend her complaint.  The Court specifically recommends that Wiseman have

68 days from the ultimate resolution of this Report and Recommendation to file

and to serve the proposed amended complaint with the revision that the Court

2

recommends below.  The Court respectfully recommends denying defendants'
motions.

## II) BACKGROUND

This case concerns allegations that defendants ignored Wiseman's
learning disability and cancer-related medical illnesses, and marginalized her
until she quit after less than a year on the job.  Wiseman applied for a job as a
part-time cashier at 7-11 around February 2012; 7-11 hired her in late November
2012.[1]  At the time of her hiring, Wiseman had an unspecified learning disability
and cancer, and defendants knew about both conditions.  The job appears to
have called for 24 hours a week of work.  Weil and Wilczewski were the store
manager and assistant store manager, respectively, and supervised Wiseman.
The 7-11 branch in question is located at 398 Dingens Street in Buffalo, New
York; 7-11 asserted at oral argument that the branch is nationally owned by the
corporation and is not an independent franchise.

From the beginning of Wiseman's employment, Weil and Wilczewski, and
7-11 through them, allegedly singled out Wiseman because of her conditions.
Some of the alleged treatment from Weil and Wilczewski consisted of day-to-day
conduct, such as ignoring Wiseman when she spoke, calling her "slow," and

---

[1] The record contains a discrepancy between the November 27, 2012 hiring date listed in
Wiseman's human-rights complaint (Dkt. No. 15-2 at 1) and the October 12, 2013 (presumably
2012) hiring date listed in the original and proposed amended complaint for this case.  (Dkt. No.
1 at 3 ¶ 14; Dkt. No. 14-5 at 3 ¶ 14.)

yelling at her in front of co-workers and customers.  Other alleged treatment had

a more concrete impact on Wiseman's work conditions.  Wiseman has alleged

that Weil and Wilczewski refused to train her for her job, told her that training was

not important, and kept her away from co-workers who tried to train her.  Weil

and Wilczewski refused to offer any training or assistance even when Wiseman

struggled with unruly or threatening customers, apparently preferring to let

Wiseman struggle with those customers.  Wiseman did not provide a precise

timeframe, but she claimed that her hours dropped from the assigned 24 hours

per week with no explanation.  In February 2013, Weil pressured Wiseman into

reporting for work while Wiseman was suffering a cancer-related illness that

forced her to miss a few days of work.  Wiseman's attendance allegedly was

unnecessary and thus abusive, because when she arrived for work, another

employee was present and handling the necessary responsibilities.

Later that month, Wiseman decided to discuss her situation with the New

York State Division of Human Rights ("NYSDHR").  Wiseman notified Weil and

Wilczewski that she contacted the NYSDHR to file a complaint, which she

ultimately did file on April 23, 2013.  In her NYSDHR complaint, Wiseman made

allegations about the lack of training and added that, in addition to Weil and

Wilczewski, she also spoke to a District Manager named Jeff Mead ("Mead").

Mead allegedly took no action.  Wiseman also elaborated in the NYSDHR

4

complaint that her illness in February 2013 consisted of pneumonia but that she had medical clearance to return to work on February 15, 2013 with a heavy lifting restriction.  When she returned, Wiseman allegedly found that Weil hired another employee in her absence, gave her what appears to be a significant portion of Wiseman's hours, and declined to restore those hours to Wiseman.  Finally, Wiseman included an incident from January 2013 in her NYSDHR complaint that did not appear in her original complaint in this case.  In January 2013, Wiseman received a doctor's note that recommended that she take a 10-15 minute break every two hours as an accommodation for her disability.  Wiseman presented the note to Weil, who allegedly responded not only by refusing the accommodation but also by reducing Wiseman's weekly hours.

According to Wiseman, her work environment deteriorated after she told Weil and Wilczewski that she had contacted the NYSDHR.  The day-to-day harassment and ridicule allegedly intensified, though Wiseman did not quantify the intensification.  Weil and Wilczewski allegedly discussed Wiseman's NYSDHR complaint with customers and reduced her hours to one hour per week.  Meanwhile, Wiseman opened a separate file with the federal Equal Employment Opportunity Commission ("EEOC"); the exact chronology of the EEOC file is not clear from the record, but Wiseman did receive a Notice of Right

to Sue on March 25, 2014.  (Dkt. No. 15-4 at 2.)  Wiseman ultimately quit her job on May 17, 2013.

Wiseman changed course from administrative to judicial remedies after quitting her job.  In the fall of 2013, Wiseman retained counsel, the same counsel representing her here.  On November 7, 2013, Wiseman's counsel asked the NYSDHR to dismiss her administrative case in favor of federal litigation. Pursuant to Section 297.3(c) of the New York State Human Rights Law ("NYSHRL"), the NYSDHR dismissed Wiseman's administrative complaint on November 25, 2013 on the grounds of administrative convenience.  On February 21, 2014, Wiseman filed her complaint here, naming 7-11 and Weil and Wilczewski individually.  The complaint contained six claims, arranged in pairs. The first two claims alleged discrimination based on disability in violation, respectively, of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101– 12213, and the NYSHRL, N.Y. Exec. L. §§ 290–301.  The next two claims alleged a hostile work environment based on disability in violation of the ADA and the NYSHRL, respectively.  The last two claims alleged denial of reasonable accommodations, again under each of the respective federal and state statutes. Wiseman filed her affidavits of service on April 1, 2014.  (Dkt. Nos. 3–5.)

Defendants filed their respective motions on April 16, 2014, shortly after Wiseman filed her affidavits of service.  Through its motion, 7-11 made a limited

appearance to challenge Wiseman's service of process.  According to 7-11,

Wiseman attempted to serve it by serving Wilczewski at the Dingens Street store.

7-11 argues that Wilczewski was not authorized to accept service for it and that

the corporate agents authorized to accept service never received service.  7-11

concludes that the Court should quash Wiseman's attempted service as

defective.  From there, 7-11 also concludes that the Court should dismiss the

complaint altogether for insufficient service of process; 7-11 does not articulate a

rationale for outright dismissal except to note, in its reply papers, that Wiseman's

proposed amended complaint would not in itself cure defective service.  As for

Weil and Wilczewski, they advance two arguments for dismissal as against them.

Weil and Wilczewski argue that the Court should dismiss the entire complaint as

against them for failure to exhaust administrative remedies.  Weil and Wilczewski

argue that Wiseman never named them as respondents in either her NYSDHR or

EEOC proceedings.  Weil and Wilczewski assert that Wiseman needed to name

them in her administrative proceedings before she could proceed with litigation.

In the alternative, Weil and Wilczewski argue that the Court should dismiss any

ADA claims against them because the ADA does not provide for individual

liability.  Wiseman's NYSHRL claims against Weil and Wilczewski also should

fail, according to them, because Wiseman makes only conclusory allegations

about Weil and Wilczewski's supervisory authority and about their aiding and abetting anyone else who may have had that authority.

Wiseman urges rejection of both pending motions.  Wiseman argues that service on 7-11 was adequate because Wilczewski told the process server that she could accept service.  The process server, according to Wiseman, reasonably relied on Wilczewski's representation because he knew that Wilczewski was a store manager.  In the alternative, Wiseman makes two requests.  Wiseman asks for a chance to serve the original complaint on 7-11 again, since the time to serve had not expired when 7-11 filed its motion.  Second, Wiseman makes what the Court has construed as a cross-motion for leave to amend her complaint under Rule 15(a)(2).  Wiseman attached a proposed amended complaint to her motion papers.  The proposed amended complaint does not delete anything from the original complaint.  Instead, the proposed amended complaint adds details about the supposedly hostile work environment, most of which appeared in Wiseman's NYSDHR complaint.  The proposed amended complaint also adds two pairs of corresponding claims against defendants: retaliation in violation of the ADA and the NYSHRL; and constructive discharge in violation of the ADA and the NYSHRL.  As for Weil and Wilczewski's motion, Wiseman concedes that individual liability does not exist under the ADA but argues that Weil and Wilczewski face liability under the

8

NYSHRL.  The NYSHRL has no administrative prerequisite, according to

Wiseman, and the Court can exercise supplemental jurisdiction under 28 U.S.C.

§ 1367 so long as the ADA claims against 7-11 survive.  On substance, Wiseman

asserts that the original complaint sufficiently sets forth Weil and Wilczewski's

authority to hire, to train, and to set work hours; and sufficiently sets forth how

demeaning treatment created a hostile work environment, especially after

Wiseman contacted the NYSDHR.  In the alternative, Wiseman extends her

request for leave to file an amended complaint to Weil and Wilczewski as well.

## III) DISCUSSION

### A)        *Wiseman's motion to amend the complaint*

Of the various motions and issues in play, the Court first should resolve

whether to grant Wiseman leave to amend her complaint and whether the

proposed amended complaint contains any defects that would render

amendment futile.  Addressing the amendment of the complaint right away

makes sense for two reasons.  First, 7-11 filed its motion before the time for

proper service expired.  Wiseman filed her complaint on February 21, 2014;

under Rule 4(m) and 6(a)(1)(C),[2] she had until June 23, 2014 to complete service

of process.  Prior to that deadline, 7-11 filed its motion on April 16, 2014, when

68 days remained on the clock.  Even if the Court agrees with 7-11 about

defective service, Wiseman still had 68 days to correct the problem when 7-11

---

[2] Rule 6(a)(1)(C) applies because June 21, 2014 fell on a Saturday.

filed its motion.  Wiseman reasonably would want to wait for the outcome of the motion before taking any further action and should not lose the remaining time on the clock just because the motion was pending.  *Cf. West v. Terry Bicycles, Inc.*, 230 F.3d 1382, 2000 WL 152805, at *3 (Fed. Cir. Feb. 10, 2000) (unpublished) ("Terry's filing of a pleading contesting service tolled the time period for effecting service of process, and when Terry's motion was filed the 120-day time period had not yet expired.  Thus, Dr. West may avoid dismissal if he properly serves Terry before the 120-day period in Rule 4(m) expires.") (citation omitted); *Dittimus v. Bond*, No. 12-CV-03010-MSK-KMT, 2013 WL 4496432, at *2 (D. Colo. Aug. 22, 2013) ("As Plaintiff's Amended Complaint was filed on December 17, 2012, Plaintiff still had 47 days left to perfect service when Defendant LaLonde filed his Motion to Quash on February 28, 2013.  Therefore, Plaintiff will be allowed 47 days from the date his counsel provides his last known address to properly effect service on Defendant LaLonde.").  As a result, if the Court finds the proposed amended complaint acceptable then Wiseman should have at least the 68 unused days from her original clock to serve it.

Second, Weil and Wilczewski have raised arguments implicating Wiseman's ability to bring suit and have argued that the proposed amended complaint does not address their concerns.  If so, and if no alternate version of an amended complaint ever could address defects in Wiseman's claims, then

granting leave to amend as to Weil and Wilczewski would serve no purpose.  In contrast, an amended complaint that is not futile and causes no prejudice this early in the case would address Weil and Wilczewski's pending motion.  The Court thus will proceed to evaluate the sufficiency of the proposed amended complaint.

The standard for amending Wiseman's complaint follows Rule 15.  Since defendants filed Rule 12(b) motions more than 21 days before Wiseman's cross-motion for leave to amend,[3] she "may amend [her] pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Leave to amend "should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility."  *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (citation omitted).  "An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)."  *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) (citation omitted).

Here, the Court sees no preliminary barriers to amendment.  The case still is new enough that joinder of issue has not yet occurred and discovery has not

---

[3] Defendants did consent to a two-week extension of Wiseman's time to oppose their motions (Dkt. No. 11), but no one has addressed whether defendants could have or actually did consent to any preservation of Wiseman's right under Rule 15(a)(1).  Accordingly, the Court will assume that any leave to amend must occur under Rule 15(a)(2).

yet begun.  Prejudice thus seems highly unlikely.  Also, none of the proposed

amendments appear to raise any possibility of bad faith, and defendants have

not suggested otherwise.  *Cf., e.g., Hillair Capital Invs., L.P. v. Integrated Freight*

*Corp.*, 963 F. Supp. 2d 336, 339 (S.D.N.Y. 2013) ("Here, at this early stage of the

case, there is no concern about delay, bad faith, or prejudice.  The critical issue

is whether the [amendment] would be futile."); *Peters v. City of Buffalo*, 848 F.

Supp. 2d 378, 382 (W.D.N.Y. 2012) (Skretny, *C.J.*) ("Defendants have provided

no grounds on which they would be prejudiced.  Further, this Court finds that at

this early stage of the litigation there is no undue prejudice to defendants that

would preclude amendment of the complaint.").  Consequently, the only barrier to

amendment that the Court will need to review further is futility.  More specifically,

the Court will need to review Weil and Wilczewski's arguments about

administrative prerequisites, legal insufficiency, and individual liability.

The issue of administrative prerequisites under the NYSHRL is simple

enough, given that Wiseman has clarified in her opposition papers that no

individual liability exists under the ADA and that she would be suing Weil and

Wilczewski under the NYSHRL only.  Section 297(9) of the NYSHRL begins and

ends with clauses that create a metaphorical fork in the path to a remedy for an

injury.  The beginning clause states that "[a]ny person claiming to be aggrieved

by an unlawful discriminatory practice shall have a cause of action in any court of

12

appropriate jurisdiction . . . unless such person had filed a complaint hereunder . . . ." N.Y. Exec. Law § 297(9) (McKinney 2014). The ending clause states the obverse: "No person who has initiated any action in a court of competent jurisdiction . . . may file a complaint with respect to the same grievance under this section or under section two hundred ninety-six-a of this article." *Id.* Potential litigants thus may choose an administrative or a judicial remedy, but not both. "Generally, the remedies of administrative review through the Human Rights Division or judicial review are mutually exclusive." *Pan Am. World Airways, Inc. v. N.Y.S. Human Rights Appeal Bd.*, 463 N.E.2d 597, 600 (N.Y. 1984) (citations omitted). The same section of the NYSHRL, however, contains an important exception to the mutual exclusivity, particularly to the bar against a judicial remedy after the filing of an administrative complaint. "[W]here the division has dismissed such [administrative] complaint on the grounds of administrative convenience . . . such person shall maintain all rights to bring suit as if no complaint had been filed with the division." N.Y. Exec. Law § 297(9); *see also Pan Am.*, 463 N.E.2d at 600 ("An exception is provided when a complaint is dismissed for administrative convenience: a suit may be brought as if a complaint had never been filed.") (citations omitted). Wiseman fits exactly into that exception. In filing a complaint against 7-11 only, Wiseman initially chose the path of an administrative remedy that not only would have precluded relief

against Weil and Wilczewski but also would have precluded any kind of judicial remedy. Those preclusions never happened, though, because the NYSDHR chose to dismiss its case for administrative convenience. (Dkt. No. 15-3.) The dismissal for administrative convenience restored Wiseman's choice of remedies as if she never walked down the administrative path. The Court does not see any other prerequisites or barriers to suit in the NYSHRL that would affect Wiseman. Consequently, Wiseman is free to name 7-11 and Weil and Wilczewski in claims under the NYSHRL, subject, of course, to future factual and legal developments in the case.

Weil and Wilczewski's arguments about legal insufficiency also are straightforward. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). Wiseman's allegations in the proposed amended complaint fall into three broad categories. One category relates to a lack of training. Wiseman alleges in her proposed amended

14

complaint that defendants refused to train her before and after her NYSDHR complaint, stopped other employees from training her, and intentionally exposed her to abusive or awkward situations with customers that training would have obviated.  A refusal by 7-11 to provide training and related accommodations could violate the ADA if the training would make the employee capable of performing essential job functions.  *See* 42 U.S.C. § 12112(b)(5)(A) (defining discrimination to include "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity"); 42 U.S.C. § 12111(9)(B) ("The term 'reasonable accommodation' may include . . . training materials or policies . . . ."). The NYSHRL would function in an analogous way for Weil and Wilczewski individually.  *See DaPonte v. Manfredi Motors, Inc.*, 335 F. Supp. 2d 352, 357 (E.D.N.Y. 2004) ("The legal standards for discrimination claims under the ADA and under New York state and city law are essentially the same, except to the extent that the New York statutes support a broader definition of 'disability,' a distinction not relevant here.") (citations omitted).  Another category of Wiseman's allegations concerns medical conditions.  Wiseman alleges in her proposed amended complaint that the only accommodations that she requested

15

for her cancer-related illnesses were a short break every 3-4 hours, based on a doctor's note, and the ability to stay home when she was not scheduled at the store.  Wiseman alleges further that defendants ignored the doctor's note, refused to grant her the requested accommodations, and cut her work hours down to one hour per week in response to the request for short breaks.  The ADA and NYSHRL could protect an employee who requested scheduling that did not affect the essential functions of her job.  *Cf. Petrosky v. N.Y.S. Dep't of Motor Vehicles*, 72 F. Supp. 2d 39, 60 (N.D.N.Y. 1999) (denying summary judgment on the issue of plaintiff's request for "a set routine and schedule that permitted her to work while affording her the opportunity to take the regular breaks she needed to manage her diabetic condition properly").  The third category of allegations in the proposed amended complaint relates to the work environment.  Wiseman alleges in her proposed amended complaint that defendants repeatedly exposed her to yelling and humiliation in front of customers; encouraged other employees to demean her in front of customers; and gradually shifted her hours to non-disabled employees until she disappeared from the weekly schedule and effectively was fired.  The ADA and NYSHRL could protect an employee from any campaign to push her out of a work environment through disparate treatment and changes in work hours.  *See, e.g., Mandell v. Cty. of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003) ("A showing of disparate treatment—that is, a showing that the

16

employer treated plaintiff less favorably than a similarly situated employee outside his protected group—is a recognized method of raising an inference of discrimination for purposes of making out a prima facie case.") (internal quotation marks and citation omitted); *Grant v. United Fed'n of Teachers*, No. 12-CV-02149 CBA VMS, 2014 WL 978444, at *13 (E.D.N.Y. Mar. 12, 2014) (denying a motion to dismiss a NYSHRL retaliation claim where plaintiff sufficiently pled a connection between protected activity and a reduction in hours and wages).

Whether Wiseman can substantiate her allegations during discovery is another matter entirely. For now, though, the proposed amended complaint contains sufficiently cognizable allegations to rebut Weil and Wilczewski's arguments about legal insufficiency.

With respect to individual liability, however, Weil and Wilczewski do have a point, though a correctable one. Wiseman's opposition papers concede that the ADA does not allow for individual liability and clarify that she seeks supplemental jurisdiction over Weil and Wilczewski through the NYSHRL. The proposed amended complaint implies that Wiseman understands the distinction between employer liability under the ADA and NYSHRL and individual liability under the NYSHRL; the 10 claims in the proposed amended complaint essentially are five pairs of corresponding claims under each statute. The jurisdictional section of the proposed amended complaint also cites 28 U.S.C. § 1367. That said,

17

though, all 10 claims on their face assess liability to "Defendants" without distinguishing the employer from the individuals.  Fairness to defendants warrants that Wiseman revise her proposed amended complaint to specify exactly which named defendants face liability under which claims.

In all, then, as long as Wiseman makes the revision discussed above, the proposed amended complaint would not be futile.  The Court thus respectfully recommends[4] granting Wiseman leave to amend and giving her the remaining time on her Rule 4(m) clock to file and to serve the revised amended complaint— 68 days beginning from the date of Judge Arcara's ultimate resolution of this Report and Recommendation.  Correspondingly, the Court also recommends denying Weil and Wilczewski's motion.

### B)      7-11's motion to quash and to dismiss

Allowing Wiseman to file and to serve her proposed amended complaint simplifies how the Court should treat 7-11's motion to quash and to dismiss.  "It is well known that the dismissal of the action under Fed. R. Civ. P. 12(b)(5) is inappropriate when there is a reasonably conceivable means through which service may be obtained and jurisdiction acquired over the defendant. Furthermore, if the first service is ineffective, and the defects are curable, the

---

[4] Motions for leave to amend pleadings usually are non-dispositive.  *See, e.g., Rubin v. Valicenti Advisory Servs., Inc.*, 471 F. Supp. 2d 329, 333 (W.D.N.Y. 2007) (Larimer, *J.*)  Here, though, the assessment of legal sufficiency required to address futility is intertwined with an actual Rule 12(b)(6) motion that Weil and Wilczewski filed.  Out of caution, this Court is presenting all of its findings and conclusions as a Report and Recommendation.

Court should treat a motion to dismiss as a motion to quash service of process in the alternative and retain the case pending effective service." *Ramirez De Arellano v. Colloides Naturels Int'l*, 236 F.R.D. 83, 85 (D.P.R. 2006) (internal quotation marks and citations omitted); *see also AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P.*, 197 F.R.D. 104, 109 (S.D.N.Y. 2000) ("If the statute of limitations has not expired then a discretionary extension of time to serve would be warranted because no useful purpose would be served by dismissing the complaint.  DLJ is already a defendant in the Consolidated Actions pending before this court.  Presumably the only result of a dismissal would be that the AIG Plaintiffs would refile their complaint, resulting in a waste of judicial resources.") (citation omitted).  As the Court noted above, 7-11 challenged service before Wiseman's time to serve expired.  While 7-11's motion has been pending and the time to serve has been tolled, Wiseman submitted a proposed amended complaint that contains cognizable claims against 7-11 under the ADA and the NYSHRL and against Weil and Wilczewski under the NYSHRL.  The record does not suggest that the chronology of alleged events raises any concerns about limitation periods.  Under these circumstances, even granting 7-11 everything that it wanted in its motion would do little more than force Wiseman to file her proposed amended complaint under a new case number and to pay a new filing fee.  The Court does not see how making Wiseman pay another filing

19

fee helps "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Accordingly, the Court recommends denying 7-11's motion.

The Court makes one final observation about 7-11's motion and the limited appearance that 7-11 made to file it. 7-11 challenged service without addressing the underlying merits of either the original or the proposed amended complaint. The Court, in evaluating leave to amend, necessarily had to review whether Wiseman made cognizable claims against 7-11 or whether her claims were so legally defective that any amendment would be futile. Evaluating the cognizable nature of Wiseman's claims without a formal Rule 12(b)(6) motion from 7-11 raises the question of whether 7-11 could have included a Rule 12(b)(6) argument in its motion and whether its decision not to do so implicates Rule 12(g)(2). The Court will let the parties argue at some future time, if necessary, whether Rule 12(g)(2) applies and whether the exceptions under Rule 12(h)(2) are available, or whether the likely availability of Rule 12(c) makes any argument unnecessary.

## IV) CONCLUSION

For all of the foregoing reasons, the Court respectfully recommends granting Wiseman's cross-motion for leave to amend her complaint, which again is not a separately filed motion but is implied in Docket Nos. 14 and 15. The

Court specifically recommends that Wiseman have 68 days from the ultimate resolution of this Report and Recommendation to file and to serve the proposed amended complaint with the revision that the Court recommended above.

The Court respectfully recommends denying defendants' motions (Dkt. Nos. 7, 8).

## V) OBJECTIONS

A copy of this Report and Recommendation will be sent to counsel for the parties by electronic filing on the date below.  Any objections to this Report and Recommendation must be electronically filed with the Clerk of the Court within 14 days.  *See* 28 U.S.C. § 636(b)(1); FRCP 72.  "As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."  *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (citations omitted).

SO ORDERED.

___/s Hugh B. Scott_____
HONORABLE HUGH B. SCOTT
UNITED STATES MAGISTRATE JUDGE

DATED: July 2, 2014